AO 106 (Rev. 04/10) Application for a Search Warrant                         AUTHORIZED AND APPROVED/DATE Drew Davis 2/20/2024

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. MJ-24-161-SM
A BLACK APPLE SMART CELLULAR PHONE, Model Unknown, )
IMEI# Unknown, seized from Thao Duc Ha, located at Oklahoma City )
Police Dept. 700 Colcord Dr., Oklahoma City, Oklahoma )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearms |
| 18 U.S.C. § 922(o) | Possession of Machinegun |
| 18 U.S.C. § 922(j) | Possession of Stolen Firearms |
| 18 U.S.C. § 933(a)(3) | Conspiracy to Traffic Firearms |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

David Moore, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 2/20/24

_____
Judge's signature

SUZANNE MITCHELL, U.S. Magistrate Judge
Printed name and title

City and state: Oklahoma City, Oklahoma

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF (1) BLACK APPLE SMART CELLULAR PHONE, MODEL UNKOWN, IMEI UNKOWN, SEIZED FROM THAO DUC HA AND THE DEVICE IS CURRENTLY LOCATED AT THE OKLAHOMA CITY POLICE DEPARTMENT HEADQUARTERS IN OKLAHOMA CITY, OKLAHOMA IN THE WESTERN DISTRICT OF OKLAHOMA | Case No. MJ-24-161-SM |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, David Moore, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic cell phone device—which is currently possessed by law enforcement, and the extraction from that property of electronically stored information described in Attachment B.

2. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since March of 2022. Prior to Employment with ATF, I was employed by the Oklahoma Department of Corrections. I have been employed in law enforcement for over twelve years. I am a graduate of the Federal Law Enforcement Training Center and the ATF

1

National Academy; because of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws. I am currently assigned to the Oklahoma City Field Office and am charged with investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as amended in Title 18, United States Code, Sections 921 et seq. Based on my training and experience, I know it to be unlawful for a person to knowingly sell, give, or otherwise dispose of any firearm or ammunition to any person who is prohibited from possessing them. Likewise, it is unlawful for a federally licensed firearms dealer to keep incomplete, inaccurate, or improper records and to make false statements in the records it is required to maintain pursuant to Title 18, United States Code, Section 923.

3. As a federal agent, I am authorized to investigate violations of United States laws, to execute warrants, and make arrests under the authority of the United States.

4. This affidavit is based on my personal knowledge and on information I have learned, either directly or indirectly, from witnesses, records, and other law enforcement officers and agents. Furthermore, this affidavit is intended to show sufficient probable cause exists for the requested warrant but does not set forth all my knowledge about this matter. As such, I have not included each and every fact known to me concerning this investigation, but rather, included only those facts necessary to show probable cause.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is one (1) black Apple smart phone, model unknown, IMEI unknown ("**Device**"), seized from **THAO DUC HA**. The **Device** is

currently located at the Oklahoma City Police Department, located at 700 Colcord Drive, Oklahoma City, Oklahoma, within the Western District of Oklahoma.

6. The applied-for warrant would authorize the forensic examination of the **Device** for the purpose of identifying electronically stored data particularly described in Attachment B.

7. Based on the facts set forth in this Affidavit, there is probable cause to believe violations of Title 18, United States Code, Section 922(g)(1), felon in possession of firearms, Title 18, United States Code, Section 922(o), unlawful possession of a machine gun, Title 18 United States Code 922(j) possession of stolen firearms, and Title 18, United States Code, Section 933(a)(3), conspiracy to traffic firearms were committed by **HA** and that evidence, fruits, and instrumentalities of these offenses are located on the **Device**.

8. The facts in this affidavit come from my personal observations, training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

9. On May 11, 2009, **THAO DUC HA** was convicted of a felony in Oklahoma County District Court case CF-2008-7014, possession of a controlled dangerous substance with intent to distribute, using an offensive weapon while committing a felony, and possession of stolen property.

10. On February 4, 2024, Oklahoma County District Judge Jason Glidewell, issued a search warrant for 3708 N Williams Street, Oklahoma City, Oklahoma, **HA's**

3

residence, located in the Western District of Oklahoma, after probable cause was shown that **HA**, a convicted felon, was in possession of, and storing, firearms inside his residence.

11.  On February 5, 2024, officers with the Oklahoma City Police Department and ATF Special Agents served the search warrant at **HA's** residence. As officers approached the front of the residence, I observed **HA** running away from the back door of the residence holding a box of firearms. I gave **HA** commands to stop and drop the box, to which he complied. Officers searched the box and located multiple firearms including firearms with machine gun conversion devices attached.

12.  During a search of the residence, officers located multiple firearms in **HA's** bedroom, four (4) of which were identified as stolen in NCIC. Since learning of the thefts, I obtained police records further verifying that several firearms were stolen during vehicle burglaries. Officers located the **Device** in **HA's** bedroom along with **HA's** Oklahoma driver license and **HA's** diploma. Additionally, the image located on the **Device's** locked screen is similar to other images on **HA's** Facebook account, further confirming **HA's** ownership of the **Device**.

13.  During an interview with police, after waiving his *Miranda* Rights, **HA** stated that he believed several of the firearms in his possession were stolen. He admitted that he was essentially working as a gunsmith by customizing and outfitting the firearms he believed were stolen for cash payments on behalf of another person. **HA** admitted to receiving and transferring the firearms located at the residence. **HA** also further confirmed that the bedroom in which multiple firearms and the **Device** were located was his bedroom.

14. Based on my training and experience it is a common practice for persons who possess firearms to photograph firearms and photograph themselves with firearms. I also know location information contained on cellular telephones can help identify locations where a device was located at particular times. Furthermore, I know stolen firearms are frequently unlawfully transferred to other parties in exchange for currency or other items of value. I know cellular telephones are frequently used to communicate the sale or transfer of stolen items with witting and unwitting participants. I believe information obtained from the device may provide location information with a timestamp that may lead to the location of additional unrecovered stolen firearms and may help law enforcement identify unknown co-conspirators and other parties who have possessed, or are in possession of, stolen firearms.

## **TECHNICAL TERMS**

15. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of

5

capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash

6

memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and

receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

16. Based on my training, experience, research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://www.apple.com/, I know the **Device** has capabilities allowing it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices, such as the **Device**, can store information for long periods of time. Similarly, things viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence establishing how the **Device** was used, the purpose of use, who used it, and when it was used. There is probable cause to believe this forensic electronic evidence is located on the **Device** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the

9

computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

19. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Device** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **Device** to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

20. Based on the above information, there is probable cause to believe violations of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm, Title 18, United States Code, Section 922(o), the unlawful possession of a machine gun, Title 18 United States Code 922(j) possession of stolen firearms, and Title 18, United States Code, Section 933(a)(3), conspiracy to traffic firearms, and evidence, fruits, and instrumentalities of these offenses are located on the **Device**. Therefore, I respectfully request this Court issue a search warrant for the **Device**, described in Attachment A, authorizing the seizure of the items described in Attachment B.

Respectfully submitted,

*[signature]*

David Moore
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on February 20, 2024:

*[signature]*

Suzanne Mitchell
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is one (1) black Apple smart phone, model unknown, IMEI unknown ("**Device**") seized from **Thao Duc HA**. The **Device** is currently located at the Oklahoma City Police Department, located at 700 Colcord Drive, Oklahoma City, Oklahoma. A photo of the **Device** is below:



**Device.**

1

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT B

1. All records on the **Device** described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(o), 18 U.S.C. 922(j), and 18 U.S.C. § 933(a)(3) involving **HA** including but not limited to:

   a. phone directory and/or contacts lists of customers and co-conspirators and related identifying information;

   b. communications and evidence of communications, including but not limited to call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **Device** and customers and co-conspirators;

   a. types, amounts, and prices of guns trafficked as well as dates, places, and amounts of specific transactions;

   b. any information related to sources of guns (including names, addresses, phone numbers, or any other identifying information);

   c. any information recording **HA's** schedule or travel, including but not limited to location information; and

   d. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

1